UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

LINDA COHEN, as parent and natural
guardian of M.C., et al.,

       Plaintiffs,

  -v-                                                       No.  19 CV 3863-LTS-SDA

NEW YORK CITY DEPARTMENT OF
EDUCATION,

       Defendant.

-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

        Plaintiffs Linda Cohen and Rolando Cohen ("Plaintiffs") bring suit on behalf of their son, M.C., a New York City student who has an individualized education program, seeking review of a December 31, 2018, administrative decision in SRO Appeal No. 18-127, under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., which reversed a determination by a New York State Department of Education Impartial Hearing Officer ("IHO")  that Plaintiffs were entitled to "pendency placement" funding for M.C.'s placement at the International Institute for the Brain ("iBRAIN"), a private educational facility at which Plaintiffs had placed MC for the 2018-2019 school year.  An IHO had previously found that the parents were entitled to reimbursement for M.C.'s placement in the International Academy of Hope ("iHOPE"), another private facility, for the 2017-2018 school year.  In the further proceedings from which this review arises, the IHO found that the iBRAIN placement, which the parents chose unilaterally in connection with a challenge to the educational program proposed for M.C. for the 2018-2019 school year by New York City's Department of Education ("DOE"),

was substantially similar to IHOPE and therefore was required to be funded as a pendency placement during the course of Plaintiffs' challenge of the DOE's Individualized Education Plan ("IEP") for M.C. for that school year.  Plaintiffs assert that Defendant New York City Department of Education ("DOE") is required to fund M.C.'s placement at iBRAIN for the 2018-2019 school year and until a final adjudication on the Cohens' underlying administrative due process proceeding challenging the proposed 2018-2019 IEP.  (Docket Entry no. 1.)  Defendant seeks a determination that iHOPE is the only relevant pendency placement and that the parents are only entitled, if at all, to reimbursement for their unilateral placement of M.C. at iBRAIN by prevailing in a proceeding challenging the proposed IEP as denying M.C. a Free Appropriate Public Education ("FAPE") and meeting their burden in such a proceeding of showing that the unilateral placement was appropriate and that equitable considerations favor them.  The parties cross-move for summary judgment (Docket Entry nos. 24, 28), and the Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. section 1331.

        The Court has considered the submissions of both parties carefully and, for the following reasons, denies Plaintiffs' motion for summary judgment and grants Defendant's cross-motion for summary judgment.[1]

---

[1] After the close of briefing in this matter, Defendants filed a notice of supplemental authority bringing to the Court's attention the decision of the Second Circuit in Ventura de Paulino v. New York City Dep't of Educ. et al., 959 F. 3d 519 (2d Cir. 2020).  (Docket Entry no. 34.)  The plaintiffs in the Ventura de Paulino action filed a petition for rehearing en banc, and on June 22, 2020, the Second Circuit denied the petition.  (See id.; Docket Entry No. 167.)  Accordingly, Plaintiffs' request to stay this matter pending the Second Circuit's disposition of the rehearing petition is denied as moot.  (Docket Entry nos. 36, 40.)

BACKGROUND

M.C is a teenager who suffers from a brain injury and is classified as a student with a disability.[2] (Docket Entry no. 25, ("Ashanti Decl."), at ¶¶ 1-3.) Because he is a student with a disability, DOE is required to offer M.C. a FAPE each year. 20 U.S.C. § 1412(a)(1). If the parents of a student with a disability believe that DOE has failed to offer a FAPE to the student, the parents may unilaterally place the student in a nonpublic school and seek tuition reimbursement from the school district if they institute an administrative due process hearing in which they demonstrate that the school in which they placed the student was appropriate and that equitable considerations favor them. See Reyes ex rel. R.P. v. N.Y.C. Dep't of Educ., 760 F.3d 211, 215 (2d Cir. 2014). In New York, this determination is made by an IHO, whose decision may then be appealed to a State Review Officer ("SRO"). (Docket Entry no. 19, Administrative Record ("A.R."), at R006.)

For the 2017-2018 school year, M.C. attended, iHOPE, a nonpublic school. (A.R., at R007.) Plaintiffs had placed M.C. at iHOPE unilaterally, and instituted a due process hearing before an IHO at which Plaintiffs claimed DOE had failed to offer M.C. a FAPE for the 2017-2018 school year. (Id.) The IHO issued a decision, dated March 5, 2018, finding that the district had failed to offer M.C. a FAPE, that iHOPE was an appropriate unilateral placement for M.C., and that the equitable considerations weighed in favor of an award of the costs of M.C.'s tuition and related services at iHOPE for the 2017-2018 school year. (Id.) DOE did not appeal the IHO's March 5, 2018, decision. (Ashanti Decl., at ¶ 6; A.R., at R005.)

---

[2]   The parties did not conduct discovery in this action because the record is "closed and complete, and furthermore, the parties do not dispute that [the administrative] record will serve as the basis for their respective motions." (Docket Entry no. 22.) Accordingly, the parties were relieved of the requirements of Local Rule 56.1 by order of this Court dated July 26, 2019. (Docket Entry no. 23.)

For the 2018-2019 school year, the school district developed an IEP for M.C. that provided for M.C.'s placement in a public-school.  (A.R., at R005.)  Again, Plaintiffs unilaterally moved M.C., this time to iBRAIN.  On the same day, Plaintiffs instituted a due process hearing, alleging that DOE did not provide M.C. with a FAPE for the 2018-2019 school year and requesting, among other things, an order requiring DOE to fund M.C.'s placement at iBRAIN during the pendency of the due process hearing on the basis that iBRAIN's program was substantially similar to the iHOPE program that had been funded for the 2017-2018 school year.  (A.R., at R007-8.)  During the pendency of the due process hearing to determine whether the DOE provided a FAPE, M.C. was entitled to remain, at DOE's expense, in his "then-current educational placement."  20 U.S.C.A. § 1415(j) (Westlaw through Pub. L. No. 116-259).  On Oct. 3, 2018, the IHO in the parents' new case (number 175172) found that the placement at iBRAIN was substantially similar to iHOPE and directed DOE to fund M.C.'s placement at iBRAIN as a pendency placement.  (A.R., at R021-22.)  DOE appealed the IHO's order.  (A.R., at R027.)

On Dec. 31, 2018, the SRO issued its decision on the DOE's appeal in appeal (number 18-127).  (A.R., at R019.)  In that decision, the SRO applied the substantial similarity principle in reviewing the IHO's pendency placement decision and reversed, on factual grounds, the IHO's determination that iBRAIN was a pendency placement, holding that the record before the IHO did not support the determination of substantial similarity.

On April 30, 2019, Plaintiffs filed the instant action, arguing that DOE was required by 20 U.S.C. section 1415(j) to fund M.C.'s tuition at iBRAIN because its educational program was "substantially similar" to the "then-current educational placement" at iHOPE, and that the SRO had erred in finding that the two programs were not substantially similar.  (Docket

Entry no. 1.)  Plaintiffs move for summary judgment and seek an order vacating the Dec. 31, 2018, decision of the SRO in Appeal No. 18-127, or alternatively, requiring DOE to implement the IHO's Oct. 3, 2018, pendency order in case number 175172 by funding M.C.'s 2018-2019 iBRAIN placement.  (Docket Entry no. 26.)  DOE cross moves for summary judgment, contending, inter alia, that the SRO erred in applying the substantial similarity standard in determining M.C.'s pendency placement.  (Docket Entry no. 29, at 13.)[3]

### STANDARD OF REVIEW

"When seeking to overturn an SRO's decision, the Parents bear the burden of demonstrating that the decision was insufficiently reasoned or supported."  N.B. v. New York City Dep't of Educ., 711 Fed. App'x 29, 32 (2d Cir. 2017).  The SRO's decision is subject to independent judicial review.  Carmel Central School Dist. v. V.P. ex rel. G.P., 373 F. Supp. 2d 402, 407 (S.D.N.Y. 2005).  "An SRO's determination of a pure question of law is not subject to deference."  Id. at 408.  While the Court must give deference to the factual findings of the SRO in recognition of the SRO's expertise in questions of educational methodology and policy, state hearing officers possess no greater expertise in interpreting regulations or statutes than the Court.  See id.; Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ., 397 F.3d 77, 82 (2d Cir. 2005); see also Gagliardo v. Arlington Central School Dist., 489 F.3d 105, 112 (2d Cir. 2007) (the reviewing court's factual determinations must be based on a preponderance of the evidence.)  Here, the parties dispute whether the SRO erred in determining two questions of law: (1) whether a Parent's unilateral placement in an institution other than the previously agreed-upon placement

---

[3]  Defendant concedes that Plaintiffs have standing, and that they have exhausted their administrative remedies with respect to the claims raised.  (Docket Entry no. 29, at n.1.)

is a "pendency placement" under the IDEA if the two educational programs are substantially similar, and (2) whether the IHO's decision regarding substantial similarity bound the DOE during the appeal to the SRO. Accordingly, the SRO's determination of the questions before the Court is not accorded deference.

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is to be granted in favor of a moving party where that party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that "might affect the outcome of the suit under the governing law," and there is a genuine dispute where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 104 (2d Cir. 2011) (citation omitted). In evaluating a motion for summary judgment, the Court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010).

## DISCUSSION

Plaintiffs seek an order (1) vacating the SRO's December 31, 2018, decision in appeal number 18-127, and (2) requiring DOE to fund M.C.'s placement at iBRAIN pursuant to the "stay-put" provision of 20 U.S.C. section 1415(j). Plaintiffs argue that the stay-put provision permits them to move M.C. to any school that offers an educational program that is "substantially similar" to iHOPE's program and receive pendency funding for M.C.'s tuition at that school during the due process proceeding. (Docket Entry no. 26, at 10.) Defendant cross moved for summary judgment, arguing that the SRO erred as a matter of law in applying the

"substantially similar" standard when determining M.C.'s pendency placement. For the reasons discussed below, the Court holds that, while the SRO's legal determination was erroneous insofar as it applied the substantial similarity standard in reviewing the pendency status of a unilateral placement by the parents in the context of this case, the SRO's determination that iHOPE was M.C.'s pendency placement for the 2018-2019 school year is correct, and will stand.

During the pendency of due process review proceedings challenging a changed IEP, parents are entitled to have their child "stay put" in his "current educational placement." 20 U.S.C.A. § 1415(j) (Westlaw through Pub. L. No. 116-259). Section 1415(j) provides that, "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child." Id. "The purpose of the provision is 'to maintain the educational status quo while the parties' dispute is being resolved.'" Doe v. E. Lyme Bd. of Educ., 790 F.3d 440, 452 (2d Cir. 2015) (quoting T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist., 752 F.3d 145, 152 (2d Cir. 2014)). While the statute does not expressly define "current educational placement," the Second Circuit has held that the provision "requires a school district to continue funding whatever educational placement was last agreed upon for the child until the relevant administrative and judicial proceedings are complete." T.M., 752 F.3d at 171. Where, as in the earlier determination with respect to M.C.'s educational program for the 2017-2018 school year, a parent's unilateral placement is found appropriate and required to be funded as a FAPE, and the district does not appeal that decision, that unilateral placement is deemed the

placement last agreed upon by the parties.  See Ventura de Paulino v. New York City Dep't of Educ. et al., 959 F. 3d 519 (2d Cir. 2020).[4]

Plaintiffs argue in the alternative that DOE was required to immediately implement the Oct. 3, 2018, IHO decision in case number 175172, which found that iBRAIN's educational program was substantially similar to that of iHOPE for purposes of pendency. (Docket Entry no. 26, at 18.)  However, Plaintiff's argument in this regard is foreclosed by the plain text of the IDEA, which provides that "[a] decision made in a [due process] hearing . . . shall be final, except that any party involved in such hearing may appeal such decision, " 20 U.S.C.A § 1415(i)(1) (Westlaw through Pub. L. No. 116-259), and the parallel New York state statute, which provides that the decision of the impartial hearing officer shall be binding upon both parties unless appealed to the state review officer.  N.Y. Educ. Law § 4404(1)(c) (McKinney 2021).  Because the DOE timely appealed the Oct. 3, 2018, IHO decision, that decision did not establish iBRAIN as M.C.'s last agreed upon placement and Plaintiffs are not entitled to pendency funding at iBRAIN based on that decision.  See Murphy, 86 F. Supp. 2d at 362 ("the right of parents [who unilaterally transferred their child] to reimbursement for the

---

[4]  There is no dispute that M.C.'s placement at iHOPE was the last mutually approved placement.  On March 5, 2018, the IHO determined that iHOPE was an appropriate placement for M.C. and ordered Defendant to reimburse the cost of tuition.  (A.R., at R008; Thayer Decl., Ex. B, at 3-4.)  Defendant did not appeal that decision.  (A.R., at R005; Ashanti Decl., at ¶ 6); see Bd. of Educ. of Pawling Central School Dist. v. Schutz, 290 F.3d 476, 484 (2d Cir. 2002) ("once the parents' [due process] challenge succeeds . . . consent to the private placement is implied by law").  Therefore, iHOPE became M.C.'s last agreed upon educational placement as a result of the IHO's March 5, 2018, decision in favor of Plaintiffs.  See Docket Entry no. 26, at 14 (arguing that iBRAIN is M.C.'s pendency placement because its program is substantially similar to the 2017-2018 placement at iHOPE); Docket Entry no. 32, at 9 ("Plaintiffs had a last agreed on placement: the placement described in the March 5, 2018 findings of fact and decision."); A.R., at R007 ("parents asserted the student's right to a pendency placement was based on an unappealed IHO decision").  Accordingly, that placement is the starting point for analysis of whether iBRAIN can properly be funded as M.C.'s pendency placement.

period during which they were in violation of § 1415(j) is not finally confirmed until they prevail on the merits in court, or the period within which to file an appeal to an SRO decision in the parents' favor expires") (internal citation omitted).  Cases cited by Plaintiffs for the proposition that pendency funding is available immediately once an IHO issues a favorable decision, regardless of whether that decision is appealed, are inapposite.  See Docket Entry no. 26, at 19-21; see, e.g., Cosgrove v. Board of Educ. of Niskayuna Cent. School. Dist., 175 F. Supp. 2d. 375, 397 (N.D.N.Y. 2001) (describing the controversy as "not one of a change of placement" but of continuing an already agreed upon placement); Kantak v. Board of Educ., Liverpool Cent. School Dist., No. 90-CIV-4 (HGM), 1990 WL 36803, at *3 (N.D.N.Y. Mar. 30, 1990) (holding that parents were entitled to immediately enforce a placement agreement during the pendency of a judicial appeal after the State Education Commissioner upheld the favorable IHO decision.)  Plaintiffs' claim is therefore rejected insofar as it is premised on DOE's failure to comply immediately with the IHO's 2018 decision.

> The key question in this review proceeding is whether the DOE can be compelled to fund, as a pendency placement, education at a nonpublic school chosen unilaterally by a child's parents, as long as the education program it offers is substantially similar to that offered by a nonpublic school that was last agreed to by the parties.  The SRO held that the parents' unilateral transfer of their child between non-public schools would not constitute a change in placement if the programs were substantially similar.  (A.R., at R014.)  Plaintiffs argued, citing decisions arising principally in the context of unilateral placement changes by school districts (rather than by parents), that the pendency provision does not amount to a guarantee of a precise physical placement but is, rather, directed toward the continuity of programming, such that a parent's unilateral choice of a different nonpublic school can qualify as a pendency placement as

long as the school's program is substantially similar to that of the previously-agreed nonpublic school placement.  (A.R., at R0011-12.)  The parents argued, and the SRO agreed, that the school district has the clear authority to make changes in a pendency placement as long as there is substantial similarity to the agreed program.  (A.R., at R013-14.)  The parents argue here that there is no reason to read asymmetry as between school district-initiated changes and parentally-initiated changes into that principle.  (Docket Entry no. 31, at 7.)  The SRO acknowledged that there was no clear precedent addressing the situation presented in this case.  (A.R., at R0012.)

Since the principal briefing concluded in this matter, however, the Second Circuit has addressed the issue and squarely rejected Plaintiffs' argument that parents are entitled to received pendency funding for a different school on the basis of its purported substantial similarity to the last agreed-upon placement.[5]  In Ventura de Paulino, the Second Circuit addressed materially similar circumstances: an IHO determined that iHOPE was an appropriate educational placement, the school district did not appeal that decision, and the parents subsequently transferred the student unilaterally to iBRAIN and instituted due process proceedings, seeking pendency funding for iBRAIN on the basis that the educational program offered at iBRAIN was substantially similar to the program offered at iHOPE.  959 F.3d at 525.  Presented with plaintiff parents' argument that the student's transfer did not constitute a change in pendency placement, the Second Circuit held that the text of the pendency provision and the structure of the IDEA give only the school district, not parents, authority to determine how a student's pendency services are to be provided.  Id. at 534.  The Second Circuit held that the purpose of the pendency provision in the context of the IDEA – to provide stability for students

---

[5]  The parties made supplemental submissions addressing the Ventura de Paulino decision. (Docket Entry nos. 35 et seq.)

and flexibility for the school district to provide that stability – was inconsistent with the parents' exercise of unilateral placement discretion. Id. (holding that the stay-put provision does not eliminate "the school district's preexisting and independent authority to determine how to provide the most-recently-agreed-upon educational program") (emphasis in original). "To hold otherwise would turn the stay-put provision on its head, by effectively eliminating the school district's authority to determine how pendency services should be provided." Id. The Second Circuit concluded that the parents were free to enroll the student at iBRAIN, but that the pendency provision would not insulate them from the financial risk of that decision. Id. ("The parent can determine that the program would be better provided somewhere else, enroll the child in a new school, and then seek retroactive reimbursement from the school district after the IEP dispute is resolved.") The court affirmed the dismissal, for failure to state a claim, of one action by parents seeking pendency placement funding for iBRAIN as substantially similar to iHOPE, and remanded another action with a direction to dismiss it. (Id. at 536.)

    The Ventura de Paulino court held that purported substantial similarity to an established pendency placement does not give parents a right to pendency payment where they have unilaterally transferred their child to another program. Id. at 534. The issue presented in this action is indistinguishable from the issue decided by the Second Circuit in Ventura de Paulino. Accordingly, Plaintiffs are not entitled to pendency funding at iBRAIN on the basis of its program's substantial similarity to the program offered at M.C.'s last agreed upon educational placement, iHOPE. M.C.'s pendency placement remains at iHOPE because parents may not override the discretion of DOE to determine where pendency services are provided. Ventura de Paulino, 959 F.3d at 534 (citing T.Y. v. New York City Dep't of Educ., 584 F.3d 412, 420 (2d

Cir. 2009) ("The parents' actions suggest that they seek a "veto" over school choice, rather than "input"—a power the IDEA clearly does not grant them.")).

Plaintiffs also make an "operative placement" argument, seeking funding for iBRAIN on a pendency basis because iBRAIN was the "operative placement" at the time the pendency provision was invoked. (Docket Entry no. 26, at 22.) However, as explained above, recognizing the parents' unilateral transfer of M.C. prior to invoking the pendency provision as a basis for identifying the pendency placement would defeat the purpose of pendency and "render[] the stay-put provision meaningless." Ventura de Paulino, 959 F.3d at 536 (rejecting operative placement argument where previous, un-appealed decision of an IHO determined the appropriate placement was iHOPE and parents unilaterally removed student to iBRAIN before initiating pendency proceedings).

Plaintiffs argue that Defendant failed to secure M.C. a pendency placement for the 2018-2019 school year and that iBRAIN must be M.C.'s pendency placement because the alternative, that M.C. had no pendency placement at all for that school year, is an impossible result. (Docket Entry no. 26, at 6, 23-24.) Plaintiffs' argument misconstrues the concept of pendency; a pendency placement is not one secured by the DOE, but rather exists as a result of an agreement between the DOE and the parents. See discussion supra.

For the reasons stated above, the SRO erred insofar as the decision in Appeal No. 18-127 held that substantial similarity could be a proper basis for a pendency placement obligation where parents had moved the child unilaterally from an approved placement to another school. The Second Circuit has made it clear that the discretion to unilaterally place and transfer students resides solely with the local educational agency. While Plaintiffs may seek retroactive reimbursement for the iBRAIN expenses "after the IEP dispute is resolved," Ventura

de Paulino, 959 F.3d at 526 (emphasis in original), they are not entitled to payment for education at iBRAIN under the pendency placement provisions of the IDEA.  Accordingly, Defendant is entitled as a matter of law to judgment upholding the SRO's reversal of the IHO's pendency placement order directing the DOE to fund iBRAIN as M.C.'s pendency placement for the 2018-2019 school year.

## CONCLUSION

For the reasons discussed, Defendant's cross motion for summary judgment is granted.  The December 31, 2018, decision upon SRO Appeal No. 18-127 is hereby affirmed for the foregoing reasons and solely insofar as it determined that Plaintiffs are not entitled to pendency funding for education at iBRAIN for the 2018-2019 school year, without prejudice to any application for reimbursement of the expenses for such year in connection with Plaintiffs' due process proceeding challenging the DOE's proposed IEP for that year as failing to provide a FAPE.

Plaintiffs' motion for summary judgment is denied.

This Memorandum Opinion and Order resolves docket entry numbers 24, 28, 36, and 40.

The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

Dated: New York, New York
       March 30, 2021

            /s/ Laura Taylor Swain
            LAURA TAYLOR SWAIN
            United States District Judge