UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

LINDA COHEN as parent and natural
guardian of M.C., et al.,

      Plaintiffs,

  -v-                                                          No.  19 CV 3863-LTS-SDA

NEW YORK CITY DEPARTMENT OF
EDUCATION,

      Defendant.

-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

Before the Court is Plaintiff Linda Cohen and Plaintiff Ronald Cohen's ("Plaintiffs'") motion for reconsideration of the Court's March 30, 2021, Memorandum Opinion and Order (docket entry no. 42, ("the Decision")), in which the Court denied Plaintiffs' motion for summary judgment and granted Defendant Department of Education's ("DOE's") cross motion for summary judgment. (Docket entry no. 44.) The parties' familiarity with the factual background set forth in the Decision is assumed. In their motion, Plaintiffs argue that the Decision is clearly erroneous insofar as it held that the October 3, 2018, interim pendency decision of the independent hearing officer ("IHO") was not final and binding due to DOE's pending appeal to the state review officer ("SRO"). The Court has reviewed carefully all of the parties' submissions[1] and, for the following reasons, denies Plaintiffs' motion in its entirety.

The Court first addresses DOE's contention that this matter is moot because, on April 23, 2021, the SRO issued a decision approving Plaintiffs' placement of M.C. at the

---

[1] The Court has reviewed the parties' memoranda and declaration, located at docket entry numbers 45, 50, 51, and 53.

iBRAIN school and directing DOE to reimburse Plaintiffs for M.C.'s tuition at iBRAIN for the 2018-2019 school year.  DOE argues that, because the April 23, 2021, SRO decision entitles Plaintiffs to reimbursement for the entire period of time for which Plaintiffs argue DOE was in violation of its pendency obligation, there is no relief for DOE's alleged violation of the pendency provision this Court can grant that Plaintiffs have not already received.  (Docket entry no. 51, at 9.)

In their reply, Plaintiffs argue that DOE improperly proffered the declaration of Hae Jin Liu (docket entry no. 50, "Liu Declaration"), to which the April 23, 2021, SRO decision is attached, because it is evidence that was not before the Court on the motion for summary judgment.  (Docket entry no. 53, at 3.)  Plaintiffs argue further that DOE's proffer violates Local Civil Rule 6.3, which directs that upon a motion for reconsideration, "[n]o affidavits shall be filed by any party unless directed by the Court."  (Docket entry no. 53, at 3.)  Plaintiffs request that the Court strike the Liu Declaration and all portions of DOE's memorandum that rely on that declaration.  (Docket entry no. 53, at 4.)

"Whenever mootness occurs, the court . . . loses jurisdiction over the suit, which therefore must be dismissed."  Russman v. Board of Educ. of Enlarged City Sch. Dist. of City of Watervliet, 260 F.3d 114, 118-119 (2d Cir. 2001); see also Fed. R. Civ. P. 12(h)(3) ("If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")  A case is moot when "an event occurs while a case is pending . . . that makes it impossible for the Court to grant any effectual relief whatever to a prevailing party."  Church of Scientology of California v. U.S., 506 U.S. 9, 12 (1992) (internal quotation omitted).  The Court "may take judicial notice of publicly available documents[,]" including administrative decisions of a state body, for the purpose of evaluating whether the Court possesses jurisdiction.  Porrazo

v. Bumble Bee Foods LLC, 822 F. Supp. 2d 406, 411-412 (S.D.N.Y. 2011); see Hason v. Office of Professional Medical Conduct, 314 F. Supp. 2d 241, 246 (S.D.N.Y. 2004) (noticing administrative decisions of New York pertaining to plaintiff's medical license as public records); Fed. R. Evid. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned . . . at any stage of the proceeding.") The due process proceeding decision proffered with the Liu Declaration is a state-level administrative decision and is a matter of public record.[2] The Court takes judicial notice of those decisions in order to determine whether the Court has subject matter jurisdiction of this case, and therefore denies Plaintiffs' request to strike the Liu Declaration and DOE's argument relying upon those proffered decisions.

Plaintiffs assert that this case is not moot because they are entitled to an order directing DOE to pay iBRAIN directly for the 2018-2019 school year (rather than merely to reimburse tuition that they pay or have paid to iBRAIN for that school year), which is relief that this Court could provide if it reconsidered its summary judgment decision and granted Plaintiffs' motion. Accordingly, this case is not moot, because the April 23, 2021, SRO decision does not make it "impossible for the Court to grant any effectual relief." Church of Scientology of California, 506 U.S. at 12. The Court will next address Plaintiffs' motion for reconsideration.

"Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."

---

[2] The Court has confirmed that the April 23, 2021, SRO decision, attached as exhibit B to the Liu Declaration, is publicly available on the internet through the New York State Education Department's website at https://www.sro.nysed.gov/common/sro/files/Decisions/2021/pdfversion/21-082.pdf (last visited May 26, 2021).

MPD Accessories B.V. v. Urban Outfitters, Inc., 2014 WL 3439316, at *1 (S.D.N.Y. July 15, 2014) (internal quotation marks omitted). Accordingly, a motion for reconsideration may only be granted upon one of three grounds: (1) "an intervening change of controlling law," (2) "the availability of new evidence," or (3) "the need to correct a clear error of law or prevent manifest injustice." United States v. Zhu, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surv., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). "[U]nless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court[,]" reconsideration is generally denied. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The standard for reconsideration is strict and [the decision whether to grant the motion] is committed to the discretion of the court." S.E.C. v. Wojeski, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010) aff'd sub nom. Smith v. S.E.C., 432 F. App'x 10 (2d Cir. 2011).

In the Decision, the Court held that DOE was not required to implement the Oct. 3, 2018, pendency order of the IHO immediately because that decision had been appealed to the SRO. (Decision, at 8.) The Court held that, pursuant 20 U.S.C. § 1415(i)(1)(A) and N.Y. Educ. Law § 4404(1)(c), the IHO's pendency order was final, unless appealed to the SRO. (Id.)

Plaintiffs now argue, for the first time, that neither section 1415(i)(1)(A) or 4404(1)(c) applies to interim pendency orders because neither statute refers explicitly to the corresponding statutory provisions setting forth a child's right to pendency funding and they

reiterate their argument, advanced in their motion for summary judgment (docket entry no. 26, at 19), that delaying enforcement of an IHO pendency order through appeal to an SRO runs counter to the purpose of pendency of providing immediate, prospective funding for the child's then-current educational placement.  (Docket entry no. 45, at 12; docket entry no. 53, at 4.)  However, Plaintiffs have not identified, and the Court's research has not revealed, any controlling decision holding that an IHO's order declaring that a private placement different from the one approved through a due process proceeding is to be treated as the pendency placement is final and immediately enforceable notwithstanding an appeal.  Shrader, 70 F.3d at 257 (holding the moving party has the burden to "point to controlling decisions or data that the court overlooked").  Accordingly, Plaintiffs have not identified clear error warranting reconsideration.

Section 1415(i)(1)(A) of the IDEA explicitly applies to decisions made in a hearing conducted pursuant to subsection (f) of that statute, which provides procedures for adjudicating due process complaints.  Here, Plaintiffs' motion for an interim pendency order was interposed as a part of their due process complaint (docket entry no. 19, at R021), and Plaintiffs offer no controlling decision holding that some other provision of the IDEA or New York state law, and not sections 1415(i)(1)(A) or 4404(1)(c), governs the finality of pendency orders.  DOE argued the effect of sections 1415(i)(1)(A) and 4404(1)(c) in its cross-motion for summary judgment (docket entry no. 29, at 41), and Plaintiffs did not advance their current statutory interpretation theory in their reply to that cross-motion.  (See generally docket entry no. 31.)  Accordingly, Plaintiffs' arguments attempt to "relitigate[e] old issues, present[] the case under new theories, . . . [and] tak[e] a second bite at the apple" and therefore are not appropriate on a motion for reconsideration.  Analytical Surv., Inc., 684 F.3d at 52.

Plaintiffs' assert that they will suffer manifest injustice if the Court does not grant

their motion for reconsideration and order DOE to directly fund M.C.'s tuition at iBRAIN for the 2018-2019 school year. (Docket entry no. 53, at 4.) However, the April 23, 2021, SRO decision did not find that it was impossible for Plaintiffs to receive reimbursement for that school year, and Plaintiffs have not argued as much here. Therefore, Plaintiffs have not demonstrated that they will suffer manifest injustice if their motion for reconsideration is denied.

## Conclusion

For the forgoing reasons, Plaintiffs' motion for reconsideration of the Court's Memorandum Opinion and Order dated March 30, 2021, is denied in its entirety.

This Memorandum Order resolves docket entry numbers 44 and 47.

SO ORDERED.

Dated: New York, New York
May 26, 2021

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge